# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05-CR-100-LRR |
| vs. | **SENTENCING MEMORANDUM** |
| RICHARD BRADLEY, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

In the August 24, 2006 sentencing in this case, the court decided one important legal issue. The parties agreed on Defendant Richard Bradley's advisory Sentencing Guidelines range[1] and they agreed that he is an Armed Career Criminal pursuant to the Armed Career

---

[1] Although application of the Sentencing Guidelines is no longer mandatory, [in the Eighth Circuit] district courts are still required to consult the Guidelines and take them into account in calculating a defendant's sentence. A district court must calculate a defendant's advisory Guidelines sentencing range based on his total offense level, criminal history category, and any appropriate departures. The court may also vary from the advisory Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) as long as the resulting sentence is reasonable. Proper application of the Guidelines "remains the critical starting point" for fashioning a reasonable sentence under § 3553(a), and a sentence within the properly calculated Guidelines range is presumed to be reasonable.

*United States v. Jeremiah*, 446 F.3d 805, 807 (8th Cir. 2006) (citing, in part, *United States v. Booker*, 543 U.S. 220, 264 (2005)).

Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[2] The only disputed issue was whether Defendant was subject to an upward departure pursuant to USSG §4A1.3 for a substantially understated criminal history or an upward variance due to his criminal history. This Sentencing Memorandum supplements the court's oral record. *See* USSG §4A1.3(c)(1) (providing that the court must provide specific reasons when it grants an upward departure pursuant to USSG §4A1.3).

## II. ANALYSIS

### A. *Departure Pursuant to USSG §4A1.3*

Section 4A1.3 of the United States Sentencing Guidelines provides for an upward departure for an understated criminal history where

---

[2] The United States Probation Office ("USPO") scored Defendant with nine predicate offenses under the ACCA in the Presentence Investigation Report ("PSIR"). Neither party had objected to the ACCA scoring in the PSIR. Prior to the sentencing hearing, the court advised the parties that (1) at least two of Defendant's prior convictions did not appear to be qualifying "violent felony" offenses, namely, Defendant's 1994 and 1997 burglary convictions out of Cook County, Illinois, which involved Defendant stealing items from vehicles, *see United States v. Livingston*, 442 F.3d 1082, 1087 (8th Cir. 2006), and (2) the court could not rely upon arrest records when determining whether an offense qualified as an ACCA predicate offense, *see United States v. Webster*, 442 F.3d 1065, 1069 (8th Cir. 2006).

After being so advised, Defendant then lodged objections at the sentencing hearing to five of the nine predicate offenses. The parties agreed that Defendant still qualified as an Armed Career Criminal under the ACCA because he has four uncontested predicate offenses. The parties agreed that the following offenses qualified Defendant for sentencing pursuant to the ACCA: (1) 1977 armed robbery (PSIR ¶ 35); (2) 1986 attempted armed robbery (PSIR ¶ 39); (3) 1989 robbery (PSIR ¶ 40); and (4) 2005 burglary in the third degree (PSIR ¶ 49).

> reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . .

USSG §4A1.3(a)(1). In such cases, "an upward departure may be warranted." *Id.* The court may consider "[p]rior sentence(s) not used in computing the criminal history category" in determining whether a departure is warranted. USSG §4A1.3(a)(2)(A); USSG §4A1.2, comment. (n.8) ("*If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under §4A1.3 (Adequacy of Criminal History Category).*" (Emphasis in original.)); *see also United States v. Porter*, 439 F.3d 845, 848 (8th Cir. 2006) (affirming an upward departure where the court considered two prior criminal convictions that were uncounted pursuant to USSG §4A1.2(e)(3) due to their age).

"When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history." *United States v. Hacker*, 450 F.3d 808, 812 (8th Cir. 2006) (citing *United States v. Gonzales-Ortega*, 346 F.3d 800, 802 (8th Cir. 2003)). "'In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective.'" *Id.* (citing *United States v. Herr*, 202 F.3d 1014, 1016 (8th Cir. 2000)).

The fact that Defendant is a Criminal History Category VI does not foreclose the possibility of an upward departure based upon understated criminal history. *See* USSG §4A1.3, comment. (n.2(B)). The Sentencing Guidelines provide specific guidance for cases like Defendant's:

> *In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offense rather than simply their number is often more indicative of the seriousness of the defendant's criminal record.*

*Id.* (emphasis in original); *see also United States v. Hawk Wing*, 433 F.3d 622, 631 (8th Cir. 2006) (discussing upward departures pursuant to USSG §4A1.3 and explaining that if the district court finds that the sentencing range in Criminal History Category VI is inadequate, "then it may impose a reasonable sentence above the Category VI range" (citation omitted)).

### 1. *Seriousness of Defendant's criminal history*

The court first considered the seriousness of Defendant's criminal history. Defendant has been convicted of numerous crimes of violence: armed robbery in 1977, attempted armed robbery in 1986, robbery in 1989 and a burglary in 2005. *See* USSG §4B1.2, comment. (n.1) (defining "crime of violence" as including "robbery," "burglary of a dwelling" or other crimes which involve "the use, attempted use, or threatened use of physical force against the person of another"). Defendant's 1992 conviction for "theft from person" in Cook County, Illinois, could also be considered a violent offense. *See United States v. Howze*, 343 F.3d 919, 922-23 (7th Cir. 2003) (holding that the defendant's prior conviction for "theft from person," which involved the unarmed theft of a bicycle from its rider, was a violent felony under the Armed Career Criminal Act because it presented a "serious potential risk of physical injury to another"). In addition to the robberies, burglary and theft, Defendant has also engaged in the serious crimes of distributing heroin and possessing controlled substances with the intent to deliver. *See United States v. Washington,* 109 F.3d 459, 462 (8th Cir. 1997) (classifying heroin distribution as a serious offense).

4

The court concluded that Defendant's sixteen criminal convictions consist of serious crimes. Only four of Defendant's sixteen convictions, namely, theft of service (PSIR ¶ 43), theft of lost property (PSIR ¶ 44) and two convictions for retail theft (PSIR ¶¶ 47-48) might be considered less than serious. However, the majority of his prior convictions are extremely serious.

Moreover, the court found that Defendant's criminal history is understated because no points were assessed to several of his serious criminal convictions because the convictions were too old under USSG §4A1.2(e)(3). *See* USSG §4A1.2(e) (providing that terms of imprisonment exceeding one year and one month are counted under the Sentencing Guidelines if the term of imprisonment is imposed within fifteen years of the defendant's commencement of the instant offense and providing that other sentences are only counted if the sentences were imposed within ten years). Here, Defendant's conviction for armed robbery (PSIR ¶ 35) was not counted because the four-year sentence was imposed in 1977. Otherwise, Defendant would have received three criminal history points for that conviction under USSG §§4A1.1(a) and 4A1.2(d)(1). Likewise, Defendant's conviction for possession of a controlled substance (PSIR ¶ 36) and two convictions for possession of a controlled substance with intent to deliver (PSIR ¶¶ 37-38) were not counted because the sentences were imposed in 1982. Had these three convictions been counted, Defendant would have received an additional nine criminal history points. Finally, Defendant's conviction for attempted armed robbery (PSIR ¶ 39) was not counted because Defendant was sentenced in 1986 and released on parole in 1988. Had Defendant actually served the sentence of six years and six months which was imposed, he would have been incarcerated during part of the fifteen-year period preceding September of 2005, and this conviction would have counted. It would have earned Defendant an additional three criminal history points.

If all of Defendant's older convictions would have been counted, he would have accrued a total of forty-three criminal history points, rather than twenty-eight points. Instead, some of his most serious offenses, including Defendant's 1977 armed robbery, were not counted. Defendant's unscored 1977 conviction for armed robbery involved Defendant and two others robbing a retail store. In the process of robbing the store, the three tied up the store owner and a pregnant customer while holding handguns to their heads. The court found that the armed robbery and attempted armed robbery were "evidence of similar . . . criminal conduct" and that the controlled substance offenses were evidence of "serious dissimilar" conduct. *See* USSG §4A1.2, comment. (n.8). For this additional reason, the court found that Defendant's Criminal History Category VI did not adequately reflect the seriousness of his prior criminal acts.

Finally, the court noted that Defendant duly qualified as an Armed Career Criminal. In order to qualify as an Armed Career Criminal under 18 U.S.C. § 924(e)(1), a defendant must have "three previous convictions" for a "violent felony or a serious drug offense, or both[.]" *Id*. Defendant agreed that he has not three, but four such convictions. Accordingly, this is yet another reason to depart upward under USSG §4A1.3. *See United States v. Santos*, 93 F.3d 761, 763 (8th Cir. 1996) (affirming an upward departure under §4A1.3 where an Armed Career Criminal had twenty-one criminal history points).

### 2. *Likelihood that Defendant will commit other crimes*

The court found that Defendant has an extremely high risk of recidivism. Defendant has committed crimes constantly since he was seventeen-years-old. Since he was first incarcerated in 1977, he has repeatedly re-offended within months of being released from jail or prison. For example, in October of 1985, Defendant committed attempted armed robbery. (PSIR ¶ 39). After serving time in prison, he was paroled in August of 1988. (*Id.*). In January of 1989, he committed another robbery. (PSIR ¶ 40).

6

He was imprisoned and paroled again on October 18, 1991, and waited only a few weeks until November 1, 1991, to commit his next crime. (PSIR ¶¶ 40-41). Defendant was on probation for his May of 2005 burglary conviction and his July of 2005 theft conviction when he committed the instant offense. Defendant also committed the instant offense less than two years after being released from prison on his two convictions for "retail theft."

The Eighth Circuit Court of Appeals summarized a case involving a person who had a criminal history similar to Defendant's:

> [The defendant] has been incarcerated one-half of his adult life for a wide variety of serious offenses. He has resumed criminal activity promptly upon each release from prison, committing the instant offenses, and earlier offenses, while on parole. It would seem that only incarceration has kept his criminal history as low as category IV.

*Washington*, 109 F.3d at 462. Defendant's criminal history demonstrates a "proclivity for recidivism." *See United States v. Lara-Banda*, 972 F.2d 958, 959 (8th Cir. 1992). Indeed, like the defendant in *Washington*, incarceration is all that keeps Defendant from committing additional crimes. *Washington*, 109 F.3d at 462. Defendant is an "'unrepentant, incorrigible, recidivist, who poses a significant threat to the safety of the community.'" *United States v. Aguilar-Lopez*, 329 F.3d 960, 963 (8th Cir. 2003) (quoting *Lara-Banda*, 972 F.2d at 960)).

In sum, the court found the upward departure warranted, in part, because it is highly likely that Defendant will commit other crimes. USSG §4A1.3(a)(1).

### 3. *Extent of departure*

The Guidelines instruct on the extent of upward departures for understated criminal history:

> UPWARD DEPARTURES FROM CATEGORY VI.—In a case in which the court determines that the extent and nature

> of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

USSG §4A1.3(a)(4)(B). However, the court need not "take a mechanistic approach to departures based on criminal history." *United States v. Gonzales-Ortega*, 346 F.3d 800, 803 (8th Cir. 2003) (citing *United States v. Leaf*, 306 F.3d 529, 533 (8th Cir. 2002)).

Defendant is an Armed Career Criminal with a guideline Level of 31 and a Criminal History Category VI. The court found Defendant's criminal history warranted moving down the Sentencing Table two levels to Level 33, Criminal History Category VI, for an advisory guideline range of 235 to 293 months imprisonment.

### B. Upward Variance

The court also finds that, had it not chosen to depart upward pursuant to USSG §4A1.3, an upward variance would have been warranted. The court so finds after considering the "nature and circumstances of the offense," *see* 18 U.S.C. § 3553(a)(1), "the history and characteristics of the defendant," *id.*, "the need for punishment," § 3553(a)(2)(A), "and a sentence that reflects the seriousness of the offense to provide an adequate deterrence[] and to protect the public from further crimes of the defendant," §§ 3553(a)(2)(B) and (a)(2)(C). Robbery is an especially violent crime. *United States v. Lyons*, 450 F.3d 834, 836 (8th Cir. 2006). Moreover, Defendant has been convicted of sixteen crimes in the last thirty years. *Lyons*, 450 F.3d at 836 (affirming an upward variance from an advisory guideline range of 70 to 87 months to a term of imprisonment of 180 months where defendant was thirty-one-years-old and had a criminal history which included nineteen convictions over a fifteen year period). Defendant has committed "one

offense right after another" since he was seventeen years old.  *Id.*; *see United States v. Shannon*, 414 F.3d 921, 922-24 (8th Cir. 2005) (upholding a sentence of 58 months imprisonment where the court varied upward from a range of 6 to 12 months because the defendant had accumulated 31 criminal history points, had numerous parole violations and had committed several offenses in a row).  Therefore, had the court not granted the upward departure pursuant to USSG §4A1.3, it would have varied upward and given Defendant the same sentence.

### *III.  CONCLUSION*

Defendant is an Armed Career Criminal.  Defendant's Criminal History Category VI did not adequately reflect the seriousness of his past criminal conduct and did not account for Defendant's proclivity for recidivism.  The court granted the government's Motion for Upward Departure pursuant to USSG §4A1.3 and departed upward to a Level 33, Criminal History Category VI and sentenced Defendant to a term of imprisonment of 293 months.  The court would have varied upward to the same sentence had it not granted the government's motion for an upward departure.

**IT IS SO ORDERED.**

**DATED** this 28th day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA